1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11                                    )
                                      )
12                                    )       No. C07-4790 JSW (BZ)
    UMG RECORDINGS, INC.,             )
13  et al.,                           )
               Plaintiff(s),          )
14                                    )       **CLERK'S NOTICE REGARDING**
         v.                           )       **TENTATIVE RULING**
15                                    )
    SANDRA E. RIVERA,                 )
16                                    )
               Defendant(s).          )
17                                    )
    _____  )
18

19      Attached to this Clerk's Notice is a tentative report and

20  recommendation on the plaintiffs' Motion For Default Judgment.

21  Plaintiffs shall serve a copy of this notice and the tentative

22  ruling on defendant at her last known address, by no later

23  than **April 23, 2008.**  Any party who wishes to contest this

24  tentative ruling must notify the court in writing by **May 14,**

25  **2008**.  If neither party contests the tentative ruling, it will

26  be finalized and the hearing presently scheduled for **May 28,**

27  **2008 at 10:00 a.m.** will be **VACATED**.  If either party contests

28  the tentative ruling the hearing will proceed as scheduled on

1    **May 28, 2008 at 10:00 a.m.** in Courtroom G, 15th Floor, Federal

2    Building, 450 Golden Gate Avenue, San Francisco, California

3    94102.

4    Dated: April 15, 2008

5    _____

6    Rose Maher – Deputy Clerk to
     Magistrate Judge Bernard Zimmerman

7

8

9

10   G:\BZALL\-REFS\UMG RECORDINGS V. RIVERA\TENTATIVE RULE. CLERKS NOTICE.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TENTATIVE RULING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UMG RECORDINGS, INC. ET AL, | ) | No. C 07-04790 JSW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **RE: PLAINTIFFS' MOTION FOR** |
| | ) | **DEFAULT JUDGMENT** |
| SANDRA E. RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |
| ─────────────────────── | ) | |

By Order dated March 11, 2008, the Honorable Jeffrey S. White referred to me plaintiffs' motion for entry of default judgment against defendant. The following is my report and recommendation for the entry of default judgment.

On September 18, 2007, plaintiffs filed a complaint under the Copyright Act of 1976, 17 U.S.C. §§ 101, <u>et seq</u>. The complaint alleges that defendant violated the Copyright Act at least ten separate times by downloading and/or distributing ten recordings without the permission or consent of the plaintiffs. Compl. ¶¶ 11, 15, Exh. A. Plaintiffs

1

# **TENTATIVE RULING**

allege that proper notices of copyright for all ten recordings have been widely published, and that defendant's actions violate plaintiffs' exclusive rights of reproduction and distribution.  Compl. ¶¶ 15, 17.  Plaintiffs allege that defendant acted willfully and intentionally, <u>Id.</u> at ¶ 18, and seek statutory damages under 17 U.S.C. section 504(c), injunctive relief pursuant to sections 502 and 503, and reasonable costs pursuant to section 505.  <u>See id.</u> at ¶¶ 19, 20.

On November 4, 2007, plaintiffs had the complaint and related papers personally served on defendant.  <u>See</u> Docket No. 7.  Defendant contacted plaintiffs' representatives on November 9, 2007 to discuss settlement.  <u>See</u> Decl. Of Franklin Jaksa in Further Supp. of Mot. for Def. J. ("Jaksa Decl."), ¶ 11.  Nevertheless, defendant failed to answer the complaint or otherwise defend the action.  On January 14, 2008, upon plaintiffs' request, the Clerk entered defendant's default under Rule 55(a).  <u>See</u> Docket No. 11.  By her default, defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages.  <u>See</u> Fed. R. Civ. P. 8(d).  Plaintiffs' pleadings are sufficient to demonstrate defendant's violations of the Copyright Act.  <u>See</u> 17 U.S.C. §§ 106, 102(a)(7), 501(a) & (b); <u>see also</u> <u>UMG Recordings, Inc. v. Sanchez</u>, 2007 WL 485955, at *1 (N.D. Cal.); <u>Sony Music Entm't, Inc. v. Elias</u>, 2004 WL 141959, at *1, *3 (C.D. Cal.)

A court may not enter a default judgment against an

# **TENTATIVE RULING**

unrepresented minor, an incompetent person, or a person in military service.  <u>See</u> Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.  Plaintiffs' counsel has declared under penalty of perjury that a search of the SmartLinx Person Summary Report database of Lexis Nexis determined that defendant was born in 1967, and thus is not a minor.  Jaksa Decl., ¶ 15. Plaintiffs' counsel is also informed and believes that defendant is not incompetent.  <u>Id.</u>  Additionally, plaintiffs' counsel conducted a search through the Department of Defense - Manpower Data Center, and determined that defendant is not serving in the military.  <u>Id.</u> at ¶ 16.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered.  The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the court. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Although a formal hearing is not required for a court to render a default judgment, <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981), plaintiffs have the burden of proving damages through testimony or written affidavit.  If damages are ascertainable, however, there is no need for an evidentiary hearing.  <u>See</u> <u>Sanchez</u>,  2007 WL 485955, at *2; <u>Elias</u>, 2004 WL 141959, at *4 (citing <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d 59, 63-64 (1st Cir. 2002)).

In their motion, plaintiffs seek statutory damages totaling $7,500.00, costs of litigation totaling $420.00, and an injunction prohibiting present and future infringement.

3

# **TENTATIVE RULING**

See id.; Mot. for Def. J., at 2.  Section 504(a) of the Copyright Act provides that a copyright infringer may be liable for statutory damages under section 504(c) for each violation "in a sum of not less than $750 or no more than $30,000 as the court considers just."  By virtue of his default, defendant has admitted to six violations of the Copyright Act.  The minimum statutory damages are ascertainable and reasonable.  See Sanchez, 2007 WL 485955, at *2; Elias, 2004 WL 141959, at *4.  I recommend that the court award plaintiffs $750.00 for each of the ten violations, totaling $7,500.00.

In addition, section 505 of the Copyright Act allows the court, in its discretion, to award reasonable attorneys' fees and costs.  Plaintiffs' counsel has declared under penalty of perjury that, in pursuing this claim, plaintiffs incurred a $350.00 filing fee and a $70.00 service of process fee, for a total of $420.00.  See Jaksa Decl. ¶ 17.  The request, supported by counsel's declaration, is reasonable.  See Sanchez, 2007 WL 485955, at *2; Elias, 2004 WL 141959, at *5 (citing Discovery Comm., Inc. v. Animal Plant, Inc., 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001)).  I recommend the court award plaintiffs $420 in litigation costs.

Finally, section 502 of the Copyright Act allows injunctive relief to "prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  "'Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.'"

4

# TENTATIVE RULING

Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) (quoting Sega Enterprises, Ltd. v. MAPHIA, 948 F. Supp. 923, 940 (N.D. Cal. 1996)).  As explained, defendant has admitted ten separate violations of the Copyright Act and there is no assurance that he will not continue to infringe plaintiffs' copyrights.  See Elias, 2004 WL 141959, at *4-*5 (granting injunctive relief with respect to plaintiffs' existing materials and those created in the future).  I therefore recommend that the court grant plaintiffs' request for injunctive relief.

     For the foregoing reasons, I recommend that judgment be entered in plaintiffs' favor against defendant for a total award of $7,920.00.  This amount includes $7,500.00 in statutory damages and $420.00 in litigation costs.  In addition, I recommend that the court grant plaintiffs the injunctive relief sought in their complaint.

Dated: May 28, 2008

_____
          Bernard Zimmerman
   United States Magistrate Judge

G:\BZALL\-REFS\UMG RECORDINGS V. RIVERA\rec.default.judgment.TENTATIVE RULE.wpd