```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


UMG RECORDINGS, INC. ET AL, )      No. C 07-4790 JSW (BZ)
                            )
        Plaintiffs,         )
                            )      REPORT AND RECOMMENDATION
    v.                      )      RE: PLAINTIFFS' MOTION FOR
                            )      DEFAULT JUDGMENT
SANDRA E. RIVERA,           )
                            )
        Defendant.          )
                            )
```

By Order dated March 11, 2008, the Honorable Jeffrey S. White referred to me plaintiffs' motion for entry of default judgment against defendant. The following is my report and recommendation for the entry of default judgment.[1]

On September 18, 2007, plaintiffs filed a complaint under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. The complaint alleges that defendant violated the Copyright Act at least ten separate times by downloading and/or distributing ten recordings without the permission or consent of the plaintiffs. Compl. ¶¶ 11, 15, Exh. A. Plaintiffs

---

[1] On April 15, 2008, I issued a tentative ruling, which neither party opposed by the May 14, 2008 deadline.

1

1  allege that proper notices of copyright for all ten
2  recordings have been widely published, and that defendant's
3  actions violate plaintiffs' exclusive rights of reproduction
4  and distribution. Compl. ¶¶ 15, 17. Plaintiffs allege that
5  defendant acted willfully and intentionally, Id. at ¶ 18, and
6  seek statutory damages under 17 U.S.C. section 504(c),
7  injunctive relief pursuant to sections 502 and 503, and
8  reasonable costs pursuant to section 505. See id. at ¶¶ 19,
9  20.
10     On November 4, 2007, plaintiffs had the complaint and
11 related papers personally served on defendant. See Docket
12 No. 7. Defendant contacted plaintiffs' representatives on
13 November 9, 2007 to discuss settlement. See Decl. Of
14 Franklin Jaksa in Further Supp. of Mot. for Def. J. ("Jaksa
15 Decl."), ¶ 11. Nevertheless, defendant failed to answer the
16 complaint or otherwise defend the action. On January 14,
17 2008, upon plaintiffs' request, the Clerk entered defendant's
18 default under Rule 55(a). See Docket No. 11. By her
19 default, defendant is deemed to have admitted the well-
20 pleaded averments of the complaint except those as to the
21 amount of damages. See Fed. R. Civ. P. 8(d). Plaintiffs'
22 pleadings are sufficient to demonstrate defendant's
23 violations of the Copyright Act. See 17 U.S.C. §§ 106,
24 102(a)(7), 501(a) & (b); see also UMG Recordings, Inc. v.
25 Sanchez, 2007 WL 485955, at *1 (N.D. Cal.); Sony Music
26 Entm't, Inc. v. Elias, 2004 WL 141959, at *1, *3 (C.D. Cal.)
27     A court may not enter a default judgment against an
28 unrepresented minor, an incompetent person, or a person in

military service.  See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.  Plaintiffs' counsel has declared under penalty of perjury that a search of the SmartLinx Person Summary Report database of Lexis Nexis determined that defendant was born in 1967, and thus is not a minor.  Jaksa Decl., ¶ 15.  Plaintiffs' counsel is also informed and believes that defendant is not incompetent.  Id.  Additionally, plaintiffs' counsel conducted a search through the Department of Defense - Manpower Data Center, and determined that defendant is not serving in the military.  Id. at ¶ 16.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered.  The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the court.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Although a formal hearing is not required for a court to render a default judgment, Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981), plaintiffs have the burden of proving damages through testimony or written affidavit.  If damages are ascertainable, however, there is no need for an evidentiary hearing.  See Sanchez, 2007 WL 485955, at *2; Elias, 2004 WL 141959, at *4 (citing Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002)).

In their motion, plaintiffs seek statutory damages totaling $7,500.00, costs of litigation totaling $420.00, and an injunction prohibiting present and future infringement.  See id.; Mot. for Def. J., at 2.  Section 504(a) of the Copyright Act provides that a copyright infringer may be

1  liable for statutory damages under section 504(c) for each
2  violation "in a sum of not less than $750 or no more than
3  $30,000 as the court considers just."  By virtue of his
4  default, defendant has admitted to six violations of the
5  Copyright Act.  The minimum statutory damages are
6  ascertainable and reasonable.  See Sanchez, 2007 WL 485955,
7  at *2; Elias, 2004 WL 141959, at *4.  I recommend that the
8  court award plaintiffs $750.00 for each of the ten
9  violations, totaling $7,500.00.
10       In addition, section 505 of the Copyright Act allows the
11  court, in its discretion, to award reasonable attorneys' fees
12  and costs.  Plaintiffs' counsel has declared under penalty of
13  perjury that, in pursuing this claim, plaintiffs incurred a
14  $350.00 filing fee and a $70.00 service of process fee, for a
15  total of $420.00.  See Jaksa Decl. ¶ 17.  The request,
16  supported by counsel's declaration, is reasonable.  See
17  Sanchez, 2007 WL 485955, at *2; Elias, 2004 WL 141959, at *5
18  (citing Discovery Comm., Inc. v. Animal Plant, Inc., 172 F.
19  Supp. 2d 1282, 1292 (C.D. Cal. 2001)).  I recommend the court
20  award plaintiffs $420 in litigation costs.
21       Finally, section 502 of the Copyright Act allows
22  injunctive relief to "prevent or restrain infringement of a
23  copyright."  17 U.S.C. § 502(a). "'Generally, a showing of
24  copyright infringement liability and the threat of future
25  violations is sufficient to warrant a permanent injunction.'"
26  Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal.
27  2003) (quoting Sega Enterprises, Ltd. v. MAPHIA, 948 F. Supp.
28  923, 940 (N.D. Cal. 1996)).  As explained, defendant has

1  admitted ten separate violations of the Copyright Act and
2  there is no assurance that he will not continue to infringe
3  plaintiffs' copyrights.  See Elias, 2004 WL 141959, at *4-*5
4  (granting injunctive relief with respect to plaintiffs'
5  existing materials and those created in the future).  I
6  therefore recommend that the court grant plaintiffs' request
7  for injunctive relief.
8       For the foregoing reasons, I recommend that judgment be
9  entered in plaintiffs' favor against defendant for a total
10 award of $7,920.00.  This amount includes $7,500.00 in
11 statutory damages and $420.00 in litigation costs.  In
12 addition, I recommend that the court grant plaintiffs the
13 injunctive relief sought in their complaint.
14 Dated: May 19, 2008
15                              _____
16                              Bernard Zimmerman
                                United States Magistrate Judge

G:\BZALL\-REFS\UMG RECORDINGS V. RIVERA\rec.default.judgment.FINAL RULING.wpd