1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE )<br>SHEET METAL WORKERS, et al.,)<br>               )<br>    Plaintiff(s),  )<br>               )<br>    v.         )<br>               )<br>C.R. SCHELLENGER HVAC INC., )<br>a California Corporation,  )<br>               )<br>    Defendant(s).  )<br>               )<br>               )<br>_____) | No. C 08-0306 BZ<br><br>**CLERK'S NOTICE REGARDING**<br>**TENTATIVE RULING** |

Attached to this Clerk's Notice is a tentative report and recommendation on the plaintiffs' Motion For Default Judgment. Plaintiffs shall serve a copy of this notice and the tentative ruling on defendant at its last known address, by no later than **July 30, 2008.** Any party who wishes to contest this tentative ruling must notify the court in writing by **August 8, 2008**. If neither party contests the tentative ruling, it will be finalized and the hearing presently scheduled for **August 13, 2008 at 10:00 a.m.** will be **VACATED**. If either party contests the tentative ruling, the hearing

1

1 | will proceed as scheduled on **August 13, 2008 at 10:00 a.m.** in
2 | Courtroom G, 15th Floor, Federal Building, 450 Golden Gate
3 | Avenue, San Francisco, California 94102.
4 | Dated:   July 24, 2008

*Rose Maher*
_____
Rose Maher - Deputy Clerk to
Magistrate Judge Bernard Zimmerman

10 | G:\BZALL\-BZCASES\BD OF TRUSTEES V SCHELLENGER\TENTATIVE RULE. CLERKS NOTICE.wpd

**TENTATIVE RULING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS, et al., | )<br>)<br>) |
| Plaintiff(s), | ) No. C08-0306 BZ<br>)<br>) **REPORT AND RECOMMENDATION ON** |
| v. | ) **PLAINTIFFS' MOTION FOR ENTRY**<br>) **OF DEFAULT JUDGMENT** |
| C R SCHELLENGER H V A C INC., a California corporation, | )<br>)<br>) |
| Defendant(s). | )<br>) |

Before me is plaintiffs' motion for entry of default judgment against defendant C R Schellenger H V A C, Inc. ("Schellenger"). Schellenger has never appeared in this action and did not respond to plaintiffs' motion. As Schellenger has not consented to my jurisdiction, I will have the case reassigned. The following is a report and recommendation for entry of default judgment.

On January 16, 2008, plaintiffs filed a complaint under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29

1

**TENTATIVE RULING**

U.S.C. § 185(a), and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.  The complaint alleges that defendant violated a collective bargaining agreement and certain trust agreements with the Sheet Metal Workers Local Union No. 104.  Compl. ¶ 1. Specifically, the complaint alleges that defendant was bound by a collective bargaining agreement with the Board of Trustees of the Sheet Metal Workers that required defendant to make contributions to the Board of Trustees of the Sheet Metal Workers Health Care Plan of Northern California, Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Vacation, and Holiday Savings Plan ("Trust Funds") on behalf of defendant's employees.  Compl. ¶ 5. Plaintiffs allege that defendant is delinquent in its obligations to the Trust Funds, and seek to recover employee benefit contributions, liquidated damages and interest for the months of October through January 2008, totaling $34,229.65, attorneys' fees and costs in the amount of $1,055.00.  Although plaintiffs do not seek to audit the books and records of defendant at this time, they seek to reserve the right to audit in the future.

   Plaintiffs effected service of process on February 6, 2008.  Schellenger failed to answer the complaint or otherwise defend the action.  On March 27, 2008, upon plaintiffs' request, the clerk of this court entered Schellenger's default under Rule 55(a). By its default, Schellenger is deemed to have admitted the well-pleaded averments of the complaint

**TENTATIVE RULING**

except those as to the amount of damages. See Fed. R. Civ. P. 8(d).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. Schellenger, as a corporation, is not subject to these limitations.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the court. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). A formal hearing is not required for a court to render a default judgment. Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981).

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (I) interest on the unpaid contributions,
>     or (ii) liquidated damages provided for under he plan in an amount not in excess of 20 percent... of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is mandatory if: (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award. Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d

3

**TENTATIVE RULING**

253, 257 (9th Cir. 1996)(citing <u>Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.</u>, 875 F.2d 212, 215 (9th Cir. 1989)).  A mandatory award is available under section 1132(g)(2) "notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions."  <u>Northwest Adm'rs, Inc.</u>, 104 F.3d at 258 (quoting <u>Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc.</u>, 767 F.2d 1170, 1175 (5th Cir. 1985)); <u>see also</u> <u>Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc.</u>, 68 F.3d 1502, 1507 (2nd Cir. 1995); <u>Bd. of Trs. of the Sheet Metal Workers v. Gen. Facilities, Inc.</u>, 2003 WL 1790837, at *2 (N.D. Cal. March 31, 2003)(citing <u>Carpenters & Joiners Welfare Fund v. Gittleman Corp.</u>, 857 F.2d 476, 478 (8th Cir. 1988)).  "[A] plaintiff may receive judgment for contributions which became due after the lawsuit was filed and remain unpaid at the time of judgment." <u>Bd. of Trs. of the Sheet Metal Workers</u>, 2003 WL 1790837, at *2. Plaintiffs have satisfied the statutory requirements and are entitled to an award under section 1132(g).  <u>See</u> <u>Iron Workers Dist. Council</u>, 68 F.3d at 1507.

   Plaintiffs have the burden of proving damages through testimony or written affidavit.  To prove damages, plaintiffs have submitted a declaration from Bonnie Maraia, the Supervisor Representative of the administrators for the Trust Fund, and custodian of the books and records for the Trust Fund.  <u>See</u> Maraia Decl. ¶ 1.

   The Maraia Declaration establishes that defendant failed

4

**TENTATIVE RULING**

to make contributions to the Trust Funds for the months of October 2007 through January 2008, as required by the collective bargaining agreement with the Board of Trustees of the Sheet Metal Workers. Unpaid contributions remain in the amount of $25,991.54. Maraia Decl., Exh. 3. I recommend that plaintiffs recover this amount from defendant.

Plaintiffs additionally sought $5,758.34 in liquidated damages because the contributions were not received in a timely manner. Section 1132(g)(2)(C)(ii) provides that plaintiffs may recover "liquidated damages provided for under the plan in an amount not in excess of 20 percent." See 29 U.S.C. § 1132(g)(2)(C). Section II of the procedures adopted by the Board of Trustees of the Trust Fund provides for liquidated damages at 20% once the matter has been referred to legal counsel. See Maraia Decl., Exh. 2. Plaintiffs have demonstrated that they are entitled to liquidated damages on the unpaid or the delinquent contributions for the months of October through January 2008. See Maraia Decl., Exh. 2. As the amount plaintiffs seek is permitted by contract and statute, I recommend that plaintiffs recover $5,758.34 in liquidated damages from defendant.

Plaintiffs also request $2,479.77 in interest on the contributions for the time they were delinquent and on the unpaid contributions. Under section 1132(g)(2)(B), the Trust Fund may recover interest on unpaid contributions. See 29 U.S.C. § 1132(g)(2)(B). Interest is calculated based on the rate provided for under the plan, or, if no rate is specified,

## **TENTATIVE RULING**

the rate prescribed under section 6621 of Title 26.  <u>See</u> 29 U.S.C. § 1132(g)(2).  The Trust Agreement states that "both the contribution and the liquidated damages attributable thereto shall bear interest at a rate to be determined from time to time by resolution of the board."  Maraia Decl., Exh. 2.  On June 1, 2001 the board adopted a 15% interest rate.  Carroll Decl., Exh. 6.  Because the plan specifies a rate of 15%, plaintiffs are entitled to $2479.77 in interest.  Maraia Decl., Exh. 3.  I recommend that plaintiffs' recover this amount from defendant.

Plaintiffs further request that the court enter a judgment reserving their rights to audit defendant for any periods not previously audited, including for the same time period covered in this default judgment, and to collect by subsequent legal action any sum found to be due after an audit.  For the reasons cited in this court's Report and Recommendation in <u>Board of Trustees of the Bay Area Roofers Health v. Ace Roofing Company</u>, 2005 WL 3497820, at *4-5 (N.D. Cal. June 16, 2005), I recommend plaintiffs' request for entry of such a judgment be **DENIED.**  <u>See also</u> <u>Barbera v. J F H Mak Trucking, Inc.</u>, 2007 WL 1827833, at *3 (E.D. N.Y. June 22, 2007).

Plaintiffs also seek $555.00 in attorneys' fees and $500.00 in costs.  Reasonable attorneys' fees and costs of the action may be awarded if the Trust Fund receives a judgment in its favor.  <u>See</u> 29 U.S.C. 1132(g)(2)(D).  Plaintiffs' counsel calculates that through July 8, 2008, he spent in excess of 3 hours prosecuting this action at a rate of $185.00 per hour.

**TENTATIVE RULING**

Carroll Decl. ¶ 5.  His time primarily consisted of preparing the Ex Parte Application to Continue Case Management Conference, the Motion for Entry of Default with Supporting Declaration and Plaintiffs' Motion for Default Judgment and Attorneys' Fees.  Id.  This time was reasonable and necessary to obtain a default judgment in plaintiffs' favor, and is therefore recoverable.  See 29 U.S.C. 1132(g)(2)(D).  The rate charged is reasonable in relation to the work performed.  See id.  Plaintiffs also incurred $500.00 in costs, consisting of filing fees and costs associated with service of process.  See Carroll Decl. ¶ 2.  Plaintiffs' request for $555.00 in attorneys' fees and $500.00 in costs is reasonable and I recommend it be **GRANTED.**

For the foregoing reasons, I recommend that judgment be entered in plaintiffs' favor against defendant for a total award of $35,284.65.  This amount includes: $25,991.54 in unpaid contributions, $2,479.77 in interest on unpaid or delinquent contributions, $5,758.34 in liquidated damages, $555.00 in attorneys' fees and $500.00 in costs.

Dated: July 24, 2008

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BD OF TRUSTEES V SCHELLENGER\REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT.TENTATIVE RULING.wpd